## Case No. 9,255.

### MASON v. WALLACE.

#### [3 McLean, 148.] [1]

Circuit Court, D. Indiana. May Term, 1843.

VENDOR AND PURCHASER — IMPROVEMENTS—SANCTION—SPECIFIC PERFORMANCE—DELAY IN PAYMENT—WHEN TIME ESSENTIAL.

1. Where possession has been taken of property purchased, and valuable improvements made, the acquiescence of the vendor may be presumed.

[Cited in Story v. Black, 5 Mont. 26, 1 Pac. 1.]

2. A delay of payment for two years, under such circumstances, where the vendor sustains no damage which interest will not compensate, will not bar a bill for a specific execution of the contract.

[Cited in Ewins v. Gordon, 49 N. H. 461.]

3. Where time is made an essential part of the contract, the rule is different.

In equity.

Mr. Stevens, for plaintiff.
O. H. Smith, for defendant.

[See Case No. 9,256.]

## Case No. 9,256.

### MASON v. WALLACE.

#### [4 McLean, 77.] [1]

Circuit Court, D. Indiana. May Term, 1846.

SPECIFIC PERFORMANCE — DELAY IN PAYMENT — PROPERTY ENHANCED IN VALUE—IMPROVEMENTS—INTEREST.

1. To entitle a purchaser to a specific execution of his contract, he should make payment either within his contract, or at least within a reasonable time afterwards. If there be great negligence and delay in the payment, and the property is greatly enhanced in value, the court will refuse to give effect to the contract.

2. But where the purchaser has entered into the possession of the property, and made improvements on the ground of four or five times the value of the land, the court will presume an acquiescence by the vendor, and will decree a conveyance, on the payment of the money, notwithstanding the delay.

3. But the court required the purchaser to pay interest up to the time the money was paid.

In equity.

Stevens & Thornton, for complainant.
Mr. Smith, for defendant.

OPINION OF THE COURT. This is a bill for the specific execution of a contract, and the defense is, that the complainant has been negligent in making his payments, and, therefore, not entitled to a decree.

The contract was a purchase of certain lots in New Albany, and several years have elapsed since the purchase, and the complainant took no effectual steps to perform

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

his contract, until a tender of the money was made a short time before this bill was filed. But the complainant, shortly after the purchase, entered into the possession of the property, and made permanent and lasting improvements upon it. The improvements have cost more than four times the value of the lots, and they were made with the knowledge of the defendant, and with his presumed acquiescence. The complainant averred a readiness to pay, which the answer denied.

If this case stood upon the contract alone, we should have no hesitancy in dismissing the bill. Where time is not made the essence of the contract, the purchaser is bound to pay the consideration in a reasonable time. That time may vary according to circumstances, and not unfrequently an excuse may be deemed sufficient for the delay. But where change in the value of the property occurs, and there has been unnecessary delay, chancery will not aid the purchaser. Some of the courts, in late decisions, have shown a disposition to require more promptness in the purchaser, than has, heretofore, been required. Where the relative positions of the parties, in regard to the property, remain unchanged, and there are no circumstances of hardship, the interest on the money is often deemed a compensation for the delay of payment. And this is especially the case where the purchaser is in possession of the property, and has expended large sums in improving it.

In the case under consideration, the improvements made by the complainant are permanent, and of great value; and the fact of delay is the only objection made to a specific execution of the contract. The improvements could not have been made without the knowledge of the defendant. The complainant was not formally put into possession by the defendant, but there was an acquiescence in his possession, and in the expenditures on the property. Under the circumstances, we feel bound to give effect to the contract, but in doing so, we will require the complainant to pay interest on the sum due, up to the time of making the payments, and the court will require this to be done in sixty days.